UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CARTER,

        Plaintiff,

v.                       CASE NO. 07-15379
                         DISTRICT JUDGE PAUL V. GADOLA
                         MAGISTRATE JUDGE DONALD A. SCHEER

ANIL PRASAD, and
SAVITHRI KAKANI,

        Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion For Summary Judgment should be GRANTED, as Plaintiff has failed to establish any violations of his federally secured constitutional rights by any deliberate indifference to his serious medical needs.

\* \* \*

Plaintiff, while incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on December 18, 2007, against the above named defendants, alleging that they had been deliberately indifferent to his serious medical needs. Specifically, Plaintiff asserts that he was denied adequate medical care for a lump on his head. Claiming violations of his Eighth Amendment rights under the federal Constitution, Plaintiff sought injunctive relief as well as compensatory and punitive damages. Defendants filed a Motion for Summary Judgment on June 17, 2008, based upon a failure to state a claim of inadequate medical care. Defendants denied any deliberate indifference to a serious medical need. They

maintained that they were not deliberately or wantonly indifferent to Plaintiff's serious medical needs, and that they did not knowingly refuse to provide urgently needed medical care so as to cause residual injuries which could have been prevented with timely attention. Plaintiff has not filed a response to Defendants' Motion for Summary Judgment to date.

INADEQUATE MEDICAL TREATMENT

In order to establish an Eighth Amendment claim for improper or inadequate medical treatment, a prisoner must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Mere negligent inattention to a prisoner's request for assistance does not offend substantive due process under the Fourteenth Amendment, Davidson v. Cannon, 474 U.S. 344 (1986), and medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Estelle, 429 U.S. at p. 106. Basically, there must be a knowing failure or refusal to provide urgently needed medical care which causes a residual injury that could have been prevented with timely attention. The court must consider the wide discretion allowed prison officials in their treatment of prisoners under authorized medical procedures. Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976).

A review of the circumstances here clearly reveals that Plaintiff's medical needs were not addressed with "deliberate indifference," "intentional delay," or "delay of access to medical care." Estelle, 429 U.S. at 104-105. Plaintiff acknowledged in his complaint that he received immediate medical treatment for the lump on his head. Plaintiff stated that physician assistant Kakani examined his head, and then treated the lump by making an incision in it in order to drain the fluid that built up in the lump. According to the uncontested affidavit from Dr. Kakani, Plaintiff subsequently underwent surgery for the removal of a

2

sebaceous cyst, on January 30, 2008, and that his recovery has been uneventful and complete (See Kakani affidavit, attached as Exhibit A to Defendants' Motion for Summary Judgment).

The only allegation in the complaint made against Dr. Prasad is that he "failed to monitor the physician assistance (sic) activities." Therefore, it appears that Plaintiff has alleged that Dr. Prasad is liable on the basis of his supervisory duties. In order to state a claim for monetary damages under § 1983, however, Plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or respondeat superior are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976); Poe v. Haydon, 853 F.2d 418, 429 (6th Cir. 1988), cert. denied, 488 U.S. 1007 (1989).

Even accepting the facts as provided by Plaintiff, the record is clear that the Defendants were not deliberately or wantonly indifferent to his serious medical needs. They did not knowingly refuse to provide urgently needed medical care, and their conduct did not lead to residual injuries which could have been prevented with timely attention. Although Plaintiff may not be happy with the treatment he has received for the lump on his head, the record demonstrates that health care personnel were at all times responsive to his medical condition.

In situations such as this, where there is a substantial record of medical treatment, or simply a difference of opinion between a prisoner and prison doctors, the requisite deliberate indifference has usually been held not to exist. Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970). While Plaintiff makes broad conclusory allegations against the defendants, he does not link them to any

specific incident in which they were personally indifferent to his medical needs. Plaintiff conclusory allegations are insufficient to state a claim upon which relief can be granted.

For the foregoing reasons, it is recommended that Defendants' Motion for Summary Judgment should be granted and the instant case be dismissed. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Gadola's acceptance thereof is waived.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: July 30, 2008

___

### CERTIFICATE OF SERVICE

I hereby certify on July 30, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 30, 2008. **Michael Carter.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217