UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CARTER,

                Plaintiff,

                              CIVIL CASE NO. 07-cv-15379

v.

ANIL PRASAD, M.D., et al.,          HONORABLE STEPHEN J. MURPHY, III

                Defendants
_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION**

Now before the Court are the defendants' motion to dismiss or for summary judgment [docket entry #16], the plaintiff's response to that motion [docket entry #19][1], the Report and Recommendation [docket entry #20] of the Honorable Donald A. Scheer, United States Magistrate Judge. The Magistrate Judge served the Report and Recommendation on the parties on July 30, 2008, and notified the parties that any objections must be filed within ten days of service. The plaintiff filed objections to the Report and Recommendation on August 11, 2008 [docket entry #22] to which the defendants filed a response [docket entry #23] on August 21, 2008. No reply was filed. This case was administratively reassigned from the Honorable Paul V. Gadola to the undersigned on September 5, 2008

---

[1] The Report and Recommendation of Magistrate Judge Donald A. Scheer indicates that the plaintiff failed to file a response to the motion to dismiss or for summary judgment. The record reflects that the statement is incorrect. It is unclear whether Magistrate Judge Scheer failed to review the response or whether the statement was merely a clerical oversight. In any event, the undersigned has undertaken the necessary de novo review and considered the response as part of this order.

[docket entry #24].

After review of each of the submissions the Court concludes that oral argument on this matter is not required. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the Court will overrule the objections and accept and adopt the Report and Recommendation.

## STANDARD OF REVIEW

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party objects to portions of the Report and Recommendation, the Court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1) (C). In this case, the plaintiff has filed objections to the Magistrate Judge's Report and Recommendation. Accordingly, the Court has conducted a de novo review of the record.

## ANALYSIS

The plaintiff originally filed his complaint on December 18, 2007, alleging that the correctional facility medical staff defendants where the plaintiff is housed were deliberately indifferent to his medical needs in violation of the Eighth Amendment to the United States

Constitution. In particular, the plaintiff claims that the Physician's Assistant Savithri Kakani was deliberately indifferent during the delayed treatment of a "lump" on the plaintiff's head. The plaintiff also claims that because Dr. Anil Prasad, M.D., is the only medical doctor at the correctional facility, and because Physician's Assistant Kakani was therefore continuously under Dr. Prasad's supervision, the delay in treatment was attributable to Dr. Prasad.

The plaintiff does not dispute that the lump on his head was diagnosed as a sebaceous cyst on January 10, 2007. The plaintiff also does not dispute that after several additional appointments, the plaintiff was referred to Dr. Jerome Wisneski on December 10, 2007 and the cyst was removed on January 30, 2008. The plaintiff does not claim any lasting effects from the condition or the treatment.

Magistrate Judge Scheer recommended that the defendants' motion for summary judgment be granted for at least two reasons, and the Court agrees. First, the plaintiff cannot maintain a claim against Dr. Prasad based upon his supervisory duties at the facility. The plaintiff alleges that Dr. Prasad is liable for damages because he was the only medical doctor at the facility and, as such, must be responsible for the allegedly indifferent treatment rendered by Physician's Assistant Kakani. Magistrate Judge Scheer correctly concluded that theories of vicarious liability and respondeat superior are not sufficient to state a claim for damages under 42 U.S.C. § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)("[Section] § 1983 liability must be based on more than respondeat superior, or the right to control employees."). Therefore, because the plaintiff has only

claimed that Dr. Prasad must be liable through his supervisory role for the allegedly indifferent of the cyst, and because such a claim is not actionable, the plaintiff cannot sustain a claim against Dr. Prasad.

Second, Magistrate Judge Scheer determined that the facts reveal that the plaintiff's medical needs were not addressed with "deliberate indifference," "intentional delay," or "delay of access to medical care." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In reaching such a conclusion, the Court must be mindful of the wide discretion allowed prison medical officials in their treatment of prisoners under their care. *See Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976)(citing *Fitzke v. Shappell*, 468 F.2d 1072, 1076 (6th Cir. 1972)). As a result of this latitude, "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* at 860 n.5 (citing *Pinon v. Wisconsin*, 368 F.Supp. 608 (E.D.Wis.1973)). Such is the case here. The plaintiff filed his complaint after his initial diagnosis of the sebaceous cyst but before the cyst was removed. Although the plaintiff complained of the lack of treatment, the record reveals that he was diagnosed promptly and received a course of antibiotics. Despite the fact that it was more than a year between the diagnosis of the cyst and the removal, the plaintiff was not without medical attention during that time. After the plaintiff was given antibiotics upon the initial diagnosis in an attempt to resolve the "lump," he saw the facility nurse in October of 2007, and on November 10, 2007, the plaintiff admits that Kakani tried to drain the lump and gave him additional antibiotics. Kakani's drainage

treatment was ineffective and, after the complaint was filed, the plaintiff was referred out to another doctor for excision of the cyst.  Following the removal, the plaintiff was seen by medical staff at the correctional facility on at least two occasions, February 1, 2008 and February 9, 2008.  The record indicates there were no complications.      Accepting this undisputed record, even taking the remainder of the allegations that plaintiff alleges constitute the undue delay as true, the plaintiff cannot sustain a claim of deliberate indifference.  The record is clear that the plaintiff received treatment for his condition on numerous occasions.  Therefore, the plaintiff is asking the Court to review the course of treatment.  As stated above, the Court is reluctant to second guess the medical regimen when the plaintiff received treatment and the Court can find no reason to second guess the treatment here.  *See Westlake*, 537 F.2d at 860.

Even were the Court able to conclude there was a preventable delay in the plaintiff's treatment, the plaintiff has failed to demonstrate that he ever faced a serious medical need that could be considered a violation of the Eighth Amendment.  The facts fail to demonstrate a "serious medical need" under either the "obviousness" approach or under the effect of delay in treatment approach.  *See Blackmore v. Kalamazoo County*, 390 F.3d 890, 897-99 (6th Cir. 2004).  "Cases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to a layperson because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem [whereas] delay or even denial of medical treatment for superficial, nonserious physical conditions does not

5

constitute a [constitutional] violation." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187-88 (11th Cir.1994)(cited in *Blackmore*, 390 F.3d at 897). Here, the plaintiff was diagnosed with a "sebaceous cyst" which, by the unrefuted evidence presented by the defendants, is a condition that is "not dangerous and can usually be ignored." Def.'s Mot., Ex. C, "Sebaceous Cyst," Medline Plus Medical Encyc., Nat'l Inst. Health, *at* http://www.nlm.nih.gov/medlineplus/ency/article/000842.htm. Therefore, the plaintiff has failed to satisfy the "obviousness" standard with respect to his medical condition because there is no allegation that his condition was life-threatening or that it would have obviously appeared to be a life-threatening condition to a lay-person. *Blackmore*, 390 F.3d at 897. Furthermore, because the plaintiff has failed to allege that the condition or his prognosis worsened because of the alleged delay, the plaintiff does not appear to asserting that the effect of the alleged delay satisfies the effect of delay in treatment approach of the Eighth Amendment analysis. *See id.* As a result, the plaintiff's claim against Physician's Assistant Kakani must fail.

## CONCLUSION

After conducting a de novo review of the record, the plaintiff's objections to the Report and Recommendation are without merit and should be rejected. The Court concludes that Magistrate Judge Scheer's July 30, 2008 Report and Recommendation is legally sound and should be adopted as the opinion and order of the Court.

Accordingly, **IT IS HEREBY ORDERED** that objections [docket entry #22] to the Report and Recommendation of Magistrate Judge Donald A. Scheer's July 30, 2008 Report

and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the July 30, 2008 Report and Recommendation [docket entry #20] is **ACCEPTED AND ADOPTED** as the opinion and order of the Court.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment [docket entry #16] is **GRANTED**.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  February 10, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 10, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager